[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Court, having heard the evidence, and having considered relevant CT Page 2862 statutory directives, including Connecticut General Statutes Sections46b-56, 46b-62, 46b-81, 46b-82, 46b-84, and 46b-215b, as well as having considered the parties' proposed orders, and the parties' respective positions, including those expressed in memoranda filed in December or 1991, makes the findings and enters the orders hereinafter set forth:
A. Findings
1. The plaintiff, whose maiden name was Joyce Dondero, and defendant Galen G. Shepherd were married on July 22, 1967 in Glastonbury, Connecticut.
2. The residential jurisdictional prerequisite has been met.
3. The marriage has broken down irretrievably.
4. One minor child is issue of the marriage, to wit: Liberty, born on January 10, 1977.
Inasmuch as the marriage has broken down irretrievably, the marriage is dissolved, and each party hereby is declared to be single and unmarried.
B. Orders
1. Custody, Visitation, and Child Support
a. Custody and Visitation
Plaintiff Joyce Shepherd and defendant Galen Shepherd shall have joint legal custody of minor Liberty whose principal residence shall be with defendant Galen Shepherd. Plaintiff Joyce Shepherd shall have liberal rights of visitation with minor Liberty. Plaintiff's visitation rights include a minimum of one day every other weekend and alternate holidays, starting on Good Friday, and such other times as can be arranged by agreement of the parties, particularly so as to facilitate counseling. However, the desires and interests of Liberty shall be considered in the arrangement and exercise of plaintiff's visitation rights. CT Page 2863
b. Child Support
Defendant Galen Shepherd shall be solely responsible for the support of minor Liberty. Furthermore, the defendant shall maintain major medical health and dental insurance coverage for the benefit of Liberty. The defendant shall be responsible for paying all unreimbursable and uninsured coverages. The provisions of Conn. Gen. Stat. Sec. 46b-84(c) are incorporated herein by reference.
2. Disposition of Assets
a. Real estate
 [1] premises situated at 21 Mountain Road, Glastonbury, Connecticut
Plaintiff Joyce Shepherd shall transfer by quit-claim deed all of her title and interest in premises known as 21 Mountain Road, Glastonbury, Connecticut on or before July 31, 1992, provided that defendant Galen Shepherd on or before or contemporaneously with said transfer 1) pays to the plaintiff One Hundred Thousand Dollars (100,000) in cash or certified funds obtained by the defendant from a new first mortgage for said premises, and 2) gives plaintiff Joyce Shepherd a note and mortgage (hereafter second mortgage) in the amount of Twenty Thousand Dollars ($20,000) secured in a second position on said premises and subject only to a first mortgage in an amount no greater than Two Hundred Thousand Dollars (200,000).
The aforesaid second mortgage shall provide for the payment of interest only at the rate of 7.0 per cent per annum commencing thirty (30) days after title is conveyed by quit claim deed. Any unpaid interest on the second mortgage note shall be added to the debt, shall bear interest at the rate of 7.0 per cent per annum and shall come due on the date when the mortgage becomes due and payable. Said second mortgage shall be due and payable upon the occurrence of the first of the following events 1) on or before September 1, 1995 (the year during which minor Liberty is expected to graduate from high school) or 2) 120 days after defendant Galen Shepherd ceases to maintain said premises as minor Liberty's principal residence. The aforesaid not and second mortgage deed shall provide for the payment of attorney's fees and costs of collection in event of default, and may be prepaid, without penalty.
The defendant shall apply for a mortgage within 15 days of the date of this Order. The transfer of title in escrow shall occur within 30 days after the defendant obtains a mortgage commitment. If the defendant is unable to complete the refinance of said property within 120 days, the premises, immediately thereafter shall be listed for sale, and the net proceeds, after deduction of customary closing costs shall be apportioned fifty (50) per cent to plaintiff Joyce Shepherd and fifty (50) per cent to defendant Galen Shepherd. CT Page 2864
 [2] Premises situated at 86 Oak Street, Glastonbury, Connecticut
Defendant Galen Shepherd shall retain sole ownership and beneficial interest of premises known as 86 Oak Street, Glastonbury, Connecticut. Defendant Galen Shepherd shall indemnify and hold plaintiff Joyce Shepherd harmless from any liability as to that portion of the mortgage on the 21 Mountain Road premises which secures said 86 Oak Street premises. In said regard, defendant Galen Shepherd shall execute and record a hold harmless agreement therefor.
b. Business assets
[1] Maurer Shepherd Joyners, Inc.
Defendant Galen Shepherd shall have exclusive ownership of the business known as Maurer Shepherd Joyners, Inc., and vis a vis the parties, shall be solely responsible for all of the liabilities of said business.
[2] Liberty Homes of New England
Defendant Galen Shepherd shall have exclusive ownership of his partnership interest in Liberty Homes of New England, and vis a vis the parties, shall be responsible for all of the liabilities of such partnership.
c. Liquid assets
[1] Individual Retirement Accounts (IRAs)
Plaintiff Joyce Shepherd shall keep the Individual Retirement Account (IRA) listed on her financial affidavit; and defendant Galen Shepherd shall keep the IRA listed on his financial affidavit
[2] Bank checking and savings accounts
The parties shall keep the assets in the bank checking and savings accounts listed on their respective financial affidavits.
[3] Pioneer Fund
Defendant Galen Shepherd shall transfer ownership of the assets in the Pioneer Fund to plaintiff Joyce Shepherd.
[4] Bonds
[a] Educational Trust Fund CT Page 2865
The following bonds shall be held in trust by plaintiff Joyce Shepherd and defendant Galen Shepherd as co-trustees for the purpose of paying the reasonable and necessary educational expenses and educational costs of their child, Liberty Shepherd: four Connecticut General Obligation bonds, illustrated as Exhibit B in this action; and eight U.S. Series EE Savings Bonds, illustrated in this action as Exhibit C.
[b] Two U.S. Savings Bonds
The two U.S. Savings Bonds set out on plaintiff Joyce Shepherd's financial affidavit shall be her sole property.
[5] Household Furnishings
[a] Exhibit F
Plaintiff Joyce Shepherd shall have sole ownership of all of the items of household furnishings listed on trial Exhibit F which were given to her by her parents, with the exception of the blue cabinet. In addition, the plaintiff shall have sole ownership of household furnishings which she purchased after the date of the parties' separation.
[b] Exhibit E
Regarding the items listed on trial Exhibit E, the parties shall have ownership of said items by alternative selection. The plaintiff shall have the right of first selection. The selection and possession of said items shall be completed within 30 days of the entry of judgment.
[6] Automobiles
Plaintiff Joyce Shepherd shall have sole ownership of the 1987 Chevrolet Cavalier. Defendant Gale Shepherd shall have sole ownership of the 1965 Pontiac Lemans.
3. Other Provisions
a. All other Assets and Liabilities
Each party shall be entitled to keep all other assets, and shall be responsible for all other liabilities listed on her or his most recent financial affidavit submitted during the trial, and hold the other harmless with regard thereto.
b. Alimony
Defendant Galen Shepherd shall pay to plaintiff Joyce Shepherd the following amounts as alimony over a term of ten (10) years which, except for the Court's authority under Conn. Gen. Stat. Sec. 46b-86(b), shall be non-modifiable only as to term: One Hundred Seventy-Five Dollars CT Page 2866 ($170) per week, commencing one (1) week from the date of this Order; One Hundred Fifty Dollars ($150) per week for the second year; and One Hundred Dollars ($100) per week for each year thereafter until the year 2002.
In addition, defendant Galen Shepherd shall pay the cost of maintaining major medical health and dental insurance benefits for plaintiff Joyce Shepherd through his employer until the plaintiff obtains comparable group insurance benefits through employment or until plaintiff's COBRA rights expire.
c. Life Insurance
[1] Policy for Plaintiff Joyce Shepherd
Defendant Galen Shepherd shall obtain a life insurance policy which shall name plaintiff Joyce Shepherd as the irrevocable beneficiary of at least $40,000. The defendant shall maintain this policy in force until the termination of his alimony obligation. Furthermore, the defendant shall provide to the plaintiff semi-annually notice of the existence and in-force effect of said policy, commencing 60 days from the entry of judgment.
[2] Manufacturers Life Insurance Policy
Plaintiff Galen Shepherd shall transfer the ownership and relinquish the beneficiary designation of the Manufacturers Life Insurance Policy (see exhibit S in this action) to defendant Galen Shepherd.
d. Filing of Income Tax Returns
The parties shall file a joint federal income tax return of calendar year 1991. Defendant Galen Shepherd shall refund to plaintiff Joyce Shepherd all monies representing taxes that were withheld from her wages or salary during the 1991 calendar year. Defendant Galen Shepherd shall pay the expenses for the preparation of said return.
Regarding the 1990 federal income tax return, if the parties choose to file an amended return for said year, the defendant shall pay the expenses for the preparation of the amended return, and refund to the plaintiff all monies which represent taxes that were withheld from her wages or salary during the 1990 calendar year.
e. Counsel Fees
The defendant shall contribute $500 toward the payment of the plaintiff's counsel fees. The payment of said amount shall be made within 60 days of this order.
f. Time for Compliance CT Page 2867
Unless otherwise stated in this Memorandum of Decision, compliance by the parties with the orders herein shall be effected within 30 days hereof.
g. Sealing of Exhibit G-ID
Trial exhibit G-ID is sealed and not available for public inspection.
CLARANCE J. JONES, JUDGE